**[Cite as *State v. Veley*, 2016-Ohio-5545.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1208

      Appellee                              Trial Court No. CR0201501493

v.

Marcus Veley                                **DECISION AND JUDGMENT**

      Appellant                             Decided:  August 26, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Marcus Veley, appeals the judgment of the Lucas County Court of Common Pleas, convicting him following a jury trial of one count of rape in violation of R.C. 2907.02(A)(2) and (B), and sentencing him to 11 years in prison.  For the reasons that follow, we affirm, in part, and reverse, in part.

## I.  Facts and Procedural Background

{¶ 2} On March 23, 2015, appellant was indicted by the Lucas County Grand Jury on one count of rape in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree.  Appellant entered a plea of not guilty, and the matter proceeded to a two-day jury trial beginning on July 14, 2015.

{¶ 3} Testimony from the trial revealed that on or around the night of March 13, 2015, appellant went to F.A's apartment.  F.A. is the mother of appellant's one-year-old son.  F.A. was at the apartment with her son, and with six other child relatives ranging from ages two to 16, who she had invited to spend the night after going to church.  The 16-year-old child is the victim in this case.

{¶ 4} On the night in question, appellant, age 23, arrived at F.A.'s apartment around 2:30 a.m.  Appellant laid down with F.A. and took a quick "cat nap."  Then, appellant got up and went into the bedroom where the victim and three other children were sleeping.  Appellant testified that he entered the room several times looking for rubber bands that he used to hold his sweat pants up.  The first time in the room, he noticed that the victim was still awake.  He testified that the second time he went in the room the victim asked him if he knew some people from the Cherrywoods area.  According to appellant, the victim then told him that his lips looked soft, and she asked him for a kiss, which appellant obliged.  He testified that they then had vaginal sex and he ejaculated on her buttocks.  Appellant testified that the victim did not say anything

2.

else to him, that she never told him no or to stop, that he did not choke or restrain her, and that he did not threaten or force her to have sex.

{¶ 5} The victim, on the other hand, testified that appellant pulled her shorts down and had vaginal and anal sex with her. She told him no, and tried to push him off of her and she kicked him in the penis. She testified that is when he hurt her by bending her arms back.

{¶ 6} Appellant then left. One of the other children in the room at the time encouraged the victim to tell F.A. F.A. called the police, who took the victim to the hospital where she was examined by a sexual assault nurse practitioner. The nurse testified that an exam revealed bruising and lacerations on the victim's rectal opening, a substance near the rectal opening that contained appellant's semen, bruising to the victim's cervix, and a bruise on the victim's neck.

{¶ 7} Following the presentation of evidence, the jury returned a verdict of guilty.

{¶ 8} At the sentencing hearing, the trial court commented on the brutal nature of appellant's conduct, which caused physical and emotional harm to the victim. The court also noted appellant's criminal history, which included 17 misdemeanors and a felony conviction for carrying a concealed weapon, as well as the fact that appellant was on transitional control at the time he committed this offense. The court stated that it considered the record, oral statements, victim impact statement, and presentence investigation report. It also considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12.

3.

The court then proceeded to sentence appellant to 11 years in prison. The court's decision was memorialized in a judgment entry on July 23, 2015.

## II. Assignment of Error

{¶ 9} Appellant has timely appealed his conviction, asserting one assignment of error for our review:

I. Defendant's sentence of the maximum prison term allowed under R.C. 2929.14 was an abuse of discretion by the court under the facts and circumstances of the case, and is appealable as a matter of right pursuant to §2953.08.

## III. Analysis

{¶ 10} In his brief, appellant argues that the trial court abused its discretion by failing to consider the factors under R.C. 2929.12(C)(1) and (3) suggesting that the crime was less serious because "[t]he victim induced or facilitated the offense" and "[i]n committing the offense, the offender did not cause or expect to cause physical harm to any person or property." Appellant concludes that the facts and circumstances of this case do not justify a maximum prison sentence.

{¶ 11} We review a felony sentence under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

4.

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Notably, "The appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2).

{¶ 12} Here, the findings under R.C. 2953.08(G)(2)(a) are not applicable. Thus, we must determine if the sentence is otherwise contrary to law. In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 13} Appellant argues that the court failed to consider or properly balance the seriousness and recidivism factors in R.C. 2929.12. However, the court stated at sentencing and in its subsequent judgment entry that it considered the principles and purposes of sentencing in R.C. 2929.11, and balanced the factors in R.C. 2929.12. We have held that "[w]hile the phrase 'shall consider' is used throughout R.C. 2929.12, the

5.

sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. Merely stating that the court considered the statutory factors is enough." (Internal citations omitted.) *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.). Furthermore, it is up to the discretion of the individual decision-maker "to determine the weight to assign a particular statutory factor." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). In sentencing appellant, the trial court acknowledged the serious physical and emotional harm to the victim, which is a more serious factor under R.C. 2929.12(B)(2), and also noted that appellant was under transitional control at the time of the offense, which under R.C. 2929.12(D)(1) indicates that he is more likely to commit future crimes. Thus, we cannot say that the trial court failed to consider R.C. 2929.12, and we therefore hold that appellant's sentence is not contrary to law.

{¶ 14} Accordingly, appellant's assignment of error is not well-taken.

{¶ 15} As a final matter, the state points out that, in its sentencing entry, the trial court included a reference to mandatory years: "It is ORDERED that defendant serve a term of 11 years in prison. Mandatory years per 2929.13(F), 2929.14(D)(3) or Chapter 2925." Indeed, R.C. 2929.13(F)(2) does mandate a prison sentence when a defendant is convicted of rape, but it does not require a maximum sentence. Furthermore, R.C. 2929.14(D)(3) does not exist, and R.C. Chapter 2925 is inapplicable since it pertains to

6.

drug offenses.  Therefore, we remand the matter to the trial court to enter a nunc pro tunc judgment entry correcting its inclusion of these statutes.

## IV.  Conclusion

{¶ 16} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part.  The matter is remanded to the trial court to enter a nunc pro tunc entry to delete the reference to R.C. 2929.13(F), 2929.14(D)(3), and Chapter 2925.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

7.